CV 13 0076

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x  COMPLAINT AND
                                                                    JURY DEMAND
YANAHIT PADILLA

                                        Plaintiff,  DOCKET #:

           -against-  ELECTRONIC FILING CASE

THE CITY OF NEW YORK; POLICE OFFICER BRODIE, J.
CHRISTOPHER FURDA; JOHN DOE #1-2
                                     Defendants.  REYES, M.J
---------------------------------------------------------------- x

Plaintiff YANAHIT PADILLA by her attorneys, Stoll, Glickman & Bellina, LLP, for her complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from a November 16, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Yanahit Padilla is a legal resident of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Officer Christopher Furda was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Officer Furda was plaintiff's "arresting officer" and was under the command of the 72nd Precinct of the NYPD. Defendant Furda is sued in his individual capacity.

10. All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and

are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the incident, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Mexican citizen, legally residing in the United States.

14. Plaintiff's primary language is Spanish. She has limited ability to communicate in English.

15. Up to and until November 15, 2011 plaintiff resided at 357 59th Street in Brooklyn New York with her infant child and her child's father.

16. Slightly before midnight on November 15, 2011 plaintiff's child's father struck plaintiff repeatedly causing significant bruising and swelling in her arm among other injuries.

17. Fearing for her safety, plaintiff called 911 and requested police be sent to her address.

18. Defendants arrived at plaintiff's address in response to her phone call shortly after midnight on November 16, 2011.

19. When defendants arrived, plaintiff's physical injuries were apparent and obvious.

20. Plaintiff attempted to speak with defendants and explain why she had called them, but was unable to do so as none appeared to understand her in Spanish.

21. Defendants proceeded to interview plaintiff's child's father in English.

22. Upon information and belief, defendants made no attempt to take a statement from plaintiff.

23. Because defendants were unable or unwilling to communicate with her, plaintiff called 911 again and requested a Spanish speaking officer be sent to the scene.

24. A few minutes later additional officers appeared on the scene. Upon information and belief, at least one of these officers did speak Spanish.

25. Plaintiff started to explain the situation to the Spanish speaking officer. However, before she could do so, defendants instructed this officer to leave the scene as they were handling the situation.

26. Eventually plaintiff was forced to call her cousin to the scene to translate for her so that she could understand what the officers were telling her.

27. Even when plaintiff's cousin arrived defendants refused to take plaintiff's statement.

28. Defendants communicated to plaintiff, through her cousin, that they would not be arresting plaintiff's child's father.

29. Plaintiff tried again to explain what happened to her, and to show the defendants her injuries.

30. Defendants then put plaintiff in handcuffs and arrested her.

31. The arrest of plaintiff was made without probable cause, or reasonable suspicion that she had committed any crime.

32. To the extent the defendants relied on the statements of plaintiff's child's father in making the arrest, such reliance was objectively unreasonable under the circumstances.

33. Plaintiff was taken to the police precinct, and then after several hours to central booking.

34. At central booking a Court officer who spoke Spanish listened to plaintiff's version of events.

35. This officer had plaintiff taken to New York Methodist Hospital at approximately 11:00 am where she was treated for bruising and swelling to her arm and shoulder and released back into the custody of police officers.

36. Plaintiff was then transported back to central booking. After several more hours at central booking, the King's County District Attorney's office declined prosecution and plaintiff was released without charges.

37. Plaintiff was in police custody from approximately 12:30 am to approximately 4:00 pm on November 16, 2011.

38. No arrest of plaintiff's child's father was made on November 16, 2011.

39. The fact that plaintiff was arrested resulted in a temporary order of protection being issued which prevented plaintiff from seeing her child, and was later used against her in a family court proceeding which determined custody of her child.

40. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

41. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

42. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

   b. Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

   c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   g. Loss of liberty.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

43. The preceding paragraphs are here incorporated by reference.

44. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

45. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution. Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

46. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

47. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

48. The above paragraphs are here incorporated by reference.

49. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

50. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the

aforementioned to persist.

51. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

52. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

53. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in

their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

54. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

55. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

56. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

### THIRD CAUSE OF ACTION
(CONSPIRACY)

57. The above paragraphs are here incorporated by reference.

58. Defendants agreed to violate the plaintiffs' rights in the manner described above. Further defendants made an agreement to attempt to cover up the assault committed against

plaintiff by her child's father.

59. Defendants took action in furtherance of this agreement by arresting plaintiff and attempting to bring charges against her.

60. Plaintiff was injured as a result of defendants' conspiracy.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

61. The above paragraphs are here incorporated by reference.

62. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

63. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

58. The above paragraphs are here incorporated by reference.

59. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the loss of liberty and mental abuse sustained by plaintiff.

60. Defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

61. Upon information and belief, defendant officers were incompetent and unfit for their positions.

62. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had

previously falsely arrested civilians without probable cause.

63. Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

64. Because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

**SIXTH CAUSE OF ACTION**
(RESPONDEAT SUPERIOR)

65. The above paragraphs are here incorporated by reference.

66. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

67. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Brooklyn, New York
December 28, 2012

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

PO Christopher Furda - Shield #15674
NYPD 72nd Pct.
830 4th Avenue
Brooklyn, NY 11232

Yours, etc.,

*[signature]*

Stoll Glickman & Bellina LLP
By: Nicholas Mindicino, ESQ.
Bar # NM0437
Attorneys for Plaintiff
475 Atlantic Avenue – 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
NMindicino@stollglickman.com